U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

AUG - 8 2013

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA STORY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-149-A |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

The court has before it for decision the motion of
defendant, Aetna Life Insurance Company, for partial summary
judgment.[1]  The court has concluded that the motion should be
granted because plaintiff is precluded from pursuing her state
law claims by reason of total ERISA preemption of those claims.

### I.

### Plaintiff's Claims

Plaintiff initiated this action on January 24, 2013, in the
District Court of Tarrant County, Texas, 352nd Judicial District,
by a petition asserting against defendant claims based on

---

[1]The motion for partial summary judgment is contained in the document defendant filed April 2,
2013, urging dismissal pursuant to the authority of Rule 12(b)(6) of the Federal Rules of Civil Procedure
and, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil
Procedure.  Plaintiff, Lisa Story, responded to the alternative motion as well as the motion to dismiss.
The court has concluded that the nature of the record is such that a ruling on the motion for summary
judgment would be more appropriate than a ruling on the motion to dismiss.  The court is treating the
summary judgment motion as partial because defendant does not seek dismissal of all of plaintiff's
claims.

defendant's declination to make payment to plaintiff of
disability insurance benefits she contends defendant owed to her
under a policy of insurance she purchased through her employer
from defendant and for which she paid a portion of the premium.
The claims she alleged against defendant were (1) breach of duty
of good faith and fair dealing, (2) common law
fraud/misrepresentation, (3) violations of provisions of the
Texas Insurance Code, (4) violations of the Texas Deceptive Trade
Practices - Consumer Protection Act, (5) anticipatory breach and
repudiation, (6) breach of contract.

On February 25,
2013, asserting federal question and diversity of citizenship
jurisdiction.  Federal question jurisdiction was based on
defendant's contention that plaintiff's claims relate to an
employee benefit plan, with the consequence that they are
preempted by pertinent provisions of the Employee Retirement
Income Security Act of 1974, as amended ("ERISA").

On March 18, 2013, plaintiff amended her state court
pleading by filing a complaint consistent with the federal
pleading requirements.  She alleged essentially the same things
she alleged in her state court pleading, except that she
abandoned her common law fraud/misrepresentation and her
Deceptive Trade Practices - Consumer Protection Act claims.

In both her state court pleading and in her current pleading, plaintiff alternatively, as part of her breach of contract allegations, asserted a claim under ERISA, contending, alternatively, that she is entitled to recover under the civil enforcement provisions of, and to have equitable relief under, ERISA.

II.

## The Grounds of Defendant's Motion

Defendant seeks summary adjudication against plaintiff as to all her claims except those she alleged under ERISA on the grounds that the disability income insurance coverage under which plaintiff is making her claims is an ERISA welfare benefit plan governed by ERISA and that all of her claims except those she asserts under ERISA should be dismissed because they are completely preempted as being "related to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a).

Defendant anticipated in its motion that plaintiff would contend that the church plan exemption from ERISA contemplated by 29 U.S.C. § 1002(33) is applicable, pointing out briefly the reasons why plaintiff cannot successfully rely on the church plan exemption.

3

III.

Plaintiff's Response to Defendant's Motion

In plaintiff's responsive documents, plaintiff seems to acknowledge the correctness of all contentions advanced by defendant in its motion for summary disposition except the contention of defendant that the disability insurance coverage in question is not a "church plan." Plaintiff simplified the issues to be dealt with by the court by stating on the first page of her responsive brief that:

> Whether this is a federal case or a state law case turns on whether the disability insurance policy covering employees of Texas Health Resources is a "church plan" within the meaning of ERISA. If it is, then this is purely a state law case. *See, e.g., Sorensen v. St. Alphonsus Regional Medical Center*, 118 P.3d 86 (Idaho 2005). If it is not a church plan, then this is a federal ERISA case.

Pl.'s Br. at 1.

IV.

Analysis

A.   Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247

4

(1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  <u>Id.</u> at 324.  <u>See also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

B.   Plaintiff Has Not Adduced Summary Judgment Evidence That the
     Insurance Coverage is a "Church Plan"

Because of the concessions made by plaintiff in its
responsive documents, the court is not devoting time to a
discussion as to why defendant is correct in its assertions that
the record establishes as a matter of law that the insurance
coverage in question is an employee benefit plan within the
meaning of 29 U.S.C. § 1144(a) and that all of plaintiff's state
court claims should be dismissed as preempted by ERISA unless the
insurance coverage is a "church plan" within the meaning of 29
U.S.C. § 1002(33).

Section 1003(b)(2) of Title 29 of the United States Code,
provides that ERISA "shall not apply to any employee benefit plan
if . . . such plan is a church plan (as defined in section
1002(33) of [Title 29]) with respect to which no election has
been made under section 410(b) of title 26."   "The term 'church
plan' means a plan established and maintained . . . for its
employees . . . by a church or by a convention or association of
churches which is exempt from tax under section 501 of Title 26."
29 U.S.C. § 1002(33)(A).

The undisputed evidence is that plaintiff's employer, Texas
Health Resources, provided to its employees disability benefits
as part of an employee benefit plan, that plaintiff is claiming

benefits under that plan, and that the plan's benefits were funded by a group disability insurance policy issued by defendant to Texas Health Resources. The plan documents clearly indicate that the intent of Texas Health Resources has been that the plan would be treated as an ERISA plan. Mot., App. at 35-36, 71. They confirm that the plan administrator filed with the U.S. Department of Labor the required annual Form 5500.[2] Id. at 36.

In contrast, plaintiff has adduced no summary judgment evidence that would support the conclusion that the "church plan" exception to the ERISA requirement applies. No evidence has been presented that Texas Health Resources is a church. There is no evidence that any church plays an official role in the governance of Texas Health Resources. The documents put in the record by plaintiff demonstrate that Texas Health Resources "serves a diverse population, respecting and welcoming all faiths represented by [its] patients, employees and volunteers." Resp., App. at 32. The record shows that Texas Health Resources is a large health service provider, having more than 22,500 employees,

---

[2]In Duckett v. Blue Cross and Blue Shield of Alabama, 75 F. Supp. 2d 1310, 1317 (M.D. Ala. 1999), the court attached significance to the filing of a Form 5500, saying:

> Baptist Health has done more than simply label a plan as one falling under the scope of ERISA. . . . It has, in addition to treating the Baptist Plan as one governed by ERISA, represented to the IRS, by the filing of a Form 5500, that it maintains an ERISA plan. By filing a Form 5500 and treating the Baptist Plan as one under ERISA, Baptist Health loses all benefits, tax and otherwise, of being classified as a church plan (if it could be classified as such).

25 acute care, transitional, rehabilitation, and short-stay hospitals, 18 outpatient facilities, and more than 250 other community access points; more than 3,800 licensed hospital beds; more than 5,500 physicians with active staff privileges; and more than 1,500 volunteers. Id. at 33. It is one of largest faith-based nonprofit healthcare delivery systems in the United States, and the largest in North Texas in terms of patients served. Id. at 34. Texas Health Resources was formed with the assets of Fort Worth-based Harris Methodist Health System and Dallas-based Presbyterian Healthcare Resources. Id. A non-faith-based hospital group, Arlington Memorial Hospital, joined Texas Health Resources in 1997. Id.

The mission of Texas Health Resources is "[t]o improve the health of the people in the communities we serve." Id. at 35. There is no requirement that a majority or controlling number of its governing body be of a particular faith. There is nothing in the record suggesting that Texas Health Resources receives financial assistance from any church. There is no evidence that there is any church-related requirement to be an employee or patient of Texas Health Resources. To the contrary, there is affirmative evidence that there is no religious or denomination requirement to be an employee of or patient at the facilities of Texas Health Resources. Supplemental Reply, App. at 83. Not

only has plaintiff failed to adduce summary judgment evidence that Texas Health Resources is a church or a convention or association of churches, the record affirmatively establishes that it is neither.

The court has considered and rejected each of the arguments presented by plaintiff in support of her "church plan" theory.

At page 4 of her brief in support of her response, plaintiff relies on the wording of 29 U.S.C. § 1002(33)(C)(i), which reads as follows:

> (C)   For purposes of this paragraph --
>
> (i)   A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

The court is not persuaded that § 1002(33)(C)(i) has pertinence to this action.   There is no evidence in the record that the "principal purpose or function of [Texas Health Resources] is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or

association of churches." Nor is there any evidence that the employee benefits in question were "for employees of a church or a convention or association of churches"; nor is there any evidence that Texas Health Resources "is controlled by or associated with a church or a convention or association of churches." Consequently, this section simply does not apply to Texas Health Resources or its employee benefit plans.

Next, plaintiff relies on the language of 29 U.S.C. § 1002(33)(C)(ii)(II), which provides as follows:

(C)  For purposes of this paragraph --

\* \* \* \* \*

(ii) The term employee of a church or a convention or association of churches includes--

\* \* \* \* \*

(II) an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of Title 26 and which is controlled by or associated with a church or a convention or association of churches . . . .

The court is uncertain from reading plaintiff's response what point that plaintiff is trying to make by her reliance on § 1002(33)(C)(ii)(II). In any event, it has no relevance to this case because, <u>inter alia</u>, there is no evidence that Texas Health Resources is "controlled by or associated with a church or convention or association of churches."

10

At several places in her responsive documents, plaintiff makes the point that there is no evidence that Texas Health Resources made an election of the kind contemplated by 26 U.S.C. § 410(d)(1), which reads as follows:

> If the church or convention or association of churches which maintains any church plan makes an election under this subsection (in such form and manner as the Secretary may by regulations prescribe), then the provisions of this title relating to participation, vesting, funding, etc. (as in effect from time to time) shall apply to such church plan as if such provisions did not contain an exclusion for church plans.

Plaintiff's reliance on 26 U.S.C. § 410(d)(1) assumes in favor of plaintiff the main issue that the court must decide -- was the disability plan under which plaintiff is making a claim a "church plan"? Only if it was a "church plan" was there any occasion for an election under § 410(d)(1). Inasmuch as the court has concluded that plaintiff has failed to provide evidence that it was a church plan, § 410(d)(1) simply has no role in this litigation.

In her supplemental response, plaintiff places reliance on certain language used in parts of Texas Health Resources' corporate documents. Not only is the language upon which plaintiff relies taken and used out of context, even when considered out of context the language does not provide any evidence that Texas Health Resources is a church or a convention

11

or association of churches.   The language demonstrates no more than the acknowledged facts that, for the most part, Texas Health Resources if a faith-based healthcare organization and that it takes religious principles into account in providing the health services it renders to everyone, without regard to religious beliefs or preferences.

C.   Conclusions

Plaintiff correctly noted in her responsive brief that if the insurance plan against which plaintiff is making her claims in this action "is not a church plan, then this is a federal ERISA case." Supra at 4.   The court concludes that plaintiff has failed to adduce evidence that would support a finding that the plan in question is a church plan.   Therefore, this is a federal ERISA case.

That being so, all of plaintiff's state law claims are completely preempted by ERISA, and must be dismissed.   The claims to which the court refers are plaintiff's breach of duty of good faith and fair dealing claim described in paragraphs 28-30 of her amended complaint, her Texas Insurance Code claim described in paragraphs 31-35 of her amended complaint, and her state law breach of contract claim described in paragraph 40 of her amended complaint.   Plaintiff's ERISA claims described in paragraph 41 of her amended complaint survive.

Neither party has provided the court any authority on the issue of whether the anticipatory breach and repudiation features of plaintiff's amended complaint, alleged at paragraphs 36-39, should be viewed to be state court claims to be dismissed because of preemption.  The court declines to hold at this time that they are.  If defendant wishes to provide further briefing on that subject, the court will reconsider the possibility of a summary dismissal of the anticipatory breach and repudiation aspects of the amended complaint.

V.

Order

Consistent with the foregoing,

The court ORDERS that defendant's motion for partial summary judgment be granted as to plaintiff's breach of duty of good faith and fair dealing claim alleged at paragraphs 28-30 of her amended complaint, her Texas Insurance Code claim as alleged at paragraphs 31-35 of her amended complaint, and her state law breach of contract claim as alleged at paragraph 40 of her amended complaint, and that each of those claims be, and is hereby, dismissed.

13

The court further ORDERS that, otherwise, defendant's motion for summary adjudication be, and is hereby, denied.

SIGNED August 8, 2013.

JOHN McBRYDE
United States District Judge